**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000919
20-SEP-2017
08:19 AM**

NO. CAAP-15-0000919

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANTE RACKLEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0552)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Dante Rackley (**Rackley**) appeals from a Judgment of Conviction and Sentence, filed on October 9, 2015, in the Circuit Court of the First Circuit (**circuit court**),[1] which convicted him of: Count I, Terroristic Threatening in the First Degree (**TT1**) in violation of Hawaii Revised Statutes (**HRS**) § 707-716(1)(e) (Supp. 2011);[2] and Count II, Place to Keep Pistol or Revolver (**Place to Keep**) in violation of HRS § 134-25 (2011).[3]

---

[1] The Honorable Dean E. Ochiai presided.

[2] At the time of Rackley's indictment, HRS § 707-716(1)(e) provided: "(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening: . . . (e) With the use of a dangerous instrument[.]" (Emphasis added.)

"Dangerous instrument" is defined as "any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." HRS § 707-700 (2014).

[3] HRS § 134-25 provides:

(continued...)

Rackley was sentenced, in pertinent part, as follows: Count I, incarceration for a mandatory minimum of five (5) years; Count II, incarceration for ten (10) years; and the terms to run concurrently with each other.

On appeal, Rackley contends that the circuit court plainly erred in imposing the five-year mandatory minimum sentence for Count I because: (1) the indictment failed to comply with the notice and due process requirements of Article I, Sections 5, 10, and 14 of the Hawai'i Constitution; and (2) although Rackley waived his right to a jury trial on the charged offenses, he did not waive his right to have a jury determine applicability of the mandatory minimum sentence under HRS § 706-660.1(3)(d) and (4) (2014).[4]

---

[3](...continued)

**[§134-25] Place to keep pistol or revolver; penalty.** (a) Except as provided in sections 134-5 and 134-9, all firearms shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

(1) A place of repair;
(2) A target range;
(3) A licensed dealer's place of business;
(4) An organized, scheduled firearms show or exhibit;
(5) A place of formal hunter or firearm use training or instruction; or
(6) A police station.

"Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

(b) Any person violating this section by carrying or possessing a loaded or unloaded pistol or revolver shall be guilty of a class B felony.

[4] HRS § 706-660.1(3)(d) and (4) provides in pertinent part:

(3) A person convicted of a felony, where the person had a <u>semiautomatic firearm</u> or automatic firearm <u>in the person's possession or used or threatened its use while engaged in the commission of the felony</u>, whether the semiautomatic firearm or automatic firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the

(continued...)

For the reasons set forth below, we affirm.

I.    **Background**

On April 10, 2012, the State of Hawai'i (**State**) filed an indictment against Rackley, charging him with the TT1 and the Place to Keep offenses.  With regard to Count I, the TT1 offense, the indictment alleged as follows:

> COUNT I: On or about the 2nd day of August, 2011, in the City and County of Honolulu, State of Hawaii, DANTE RACKLEY, threatened, by word or conduct, to cause bodily injury to Joseph Van Veckhoven, with the use of a dangerous instrument, to wit, a semiautomatic firearm as defined in Section 706-660.1 of the Hawaii Revised Statutes, with the intent to terrorize, or in reckless disregard of the risk of terrorizing Joseph Van Veckhoven, thereby committing the offense of Terroristic Threatening in the First Degree, in violation of Section 707-716(1)(e) of the Hawaii Revised Statutes.
>
> If convicted of this offense or any included felony offense, DANTE RACKLEY may be subject to sentencing in accordance with Section 706-661 and Section 706-662(4)(a) of the Hawaii Revised Statutes where he is a multiple offender in that he is being sentenced for two or more felonies or is already under sentence of imprisonment for any felony, and an extended term of imprisonment is necessary for the protection of the public.

(Emphasis added.)

On July 13, 2015, Rackley signed a Waiver of Jury Trial, which stated among other things that he was "waiving and giving up [his] right to trial by jury on the present charges." A hearing was held in which the circuit court had a colloquy with Rackley and found that Rackley freely, voluntarily, knowingly,

---

[4](...continued)
length of which shall be as follows:

. . . .

> (d) For a class C felony--five years.

. . . .

> (4) In this section:

. . . .

> "Semiautomatic firearm" means any firearm that uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull of the trigger.

(Emphases added.)

intelligently, and with the advice of counsel waived his right to a jury.

The circuit court held a jury waived trial and on August 6, 2015, the circuit court orally entered its verdict that the "State has proven all of the required elements as to Counts I and Count II by proof beyond a reasonable doubt." The circuit court found that Rackley had committed terroristic threatening by "racking" a firearm, which the circuit court found to be an operable Sig Sauer .45 caliber semiautomatic pistol.

On October 9, 2015, the circuit court held a hearing regarding Rackley's sentencing and, upon the State's request, sentenced Rackley, *inter alia*, to the five year mandatory minimum on the TT1 offense.

On October 9, 2015, the circuit court entered the Judgment of Conviction and Sentence. On December 9, 2015, Rackley timely filed a Notice of Appeal.

## II.   Standard of Review

### A.   Plain Error

As expressed by the Hawaiʻi Supreme Court:

> Hawaiʻi Rules of Penal Procedure (HRPP) Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." *State v. Staley*, 91 Hawaiʻi 275, 282, 982 P.2d 904, 911 (1999) (citation omitted).
>
> The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *Nichols*, 111 Hawaiʻi at 334, 141 P.3d at 981 (quoting *State v. Sawyer*, 88 Hawaiʻi 325, 330, 966 P.2d 637, 642 (1998)). An appellate court's "power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." *Nichols*, 111 Hawaiʻi at 335, 141 P.3d at 982 (quoting *State v. Kelekolio*, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993)).

State v. DeLeon, 131 Hawaiʻi 463, 479-80, 319 P.3d 382, 398-99 (2014).

B.    **Sufficiency of the Indictment**

Rackley did not challenge the sufficiency of the indictment while the case was before the circuit court. Thus, the liberal construction standard applies in this appeal.

> Under the liberal construction standard, when a party raises an objection to the indictment for the first time on appeal, the indictment is liberally construed. *State v. Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019 (1983). This standard "means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." *Id.* at 91, 657 P.2d at 1020.

State v. Tominiko, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011).

## III. Discussion

A.    **Sufficiency of the Indictment**

Rackley contends that the circuit court plainly erred when it imposed the five year mandatory minimum sentence for Count I, because the indictment failed to comply with the notice and due process requirements of Article I, Sections 5, 10, and 14 of the Hawai'i Constitution. He argues that the indictment failed to properly notify him that he was subject to mandatory minimum sentencing for use of a semiautomatic firearm in the commission of the TT1 offense, because the indictment only refers to the definition of a semiautomatic firearm in HRS § 706-660.1 and does not specifically state that he may be subject to a mandatory minimum sentence pursuant to HRS § 706-660.1(3)(d).

Rackley received the mandatory minimum sentence under HRS § 706-660.1(3)(d) related to the TT1 offense, a class C felony. See HRS § 707-716(2). As noted above, the indictment on Count I specifically alleged that Rackley used a semiautomatic firearm as part of the TT1 offense, which requires "use of a dangerous instrument." The indictment alleged in pertinent part that:

> [Rackley] threatened, by word or conduct, to cause bodily injury to Joseph Van Veckhoven, <u>with the use of a dangerous instrument, to wit, a semiautomatic firearm as defined in Section 706-660.1 of the Hawaii Revised Statutes</u>, with the intent to terrorize, or in reckless disregard of the risk of terrorizing Joseph Van Veckhoven, thereby committing the

> offense of Terroristic Threatening in the First Degree, in
> violation of Section 707-716(1)(e) of the Hawaii Revised
> Statutes.

(Emphasis added.)

We first note that, although Rackley seeks to rely on
State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015), the Hawai'i
Supreme Court recognized in Auld that it was announcing new rules
that resulted from overruling prior appellate precedent, and thus
the supreme court held that the new rules have prospective effect
only. Id. at 257, 361 P.3d at 484. Here, Rackley was sentenced
before the opinion in Auld was issued and thus Auld does not
apply to this case.[5]

Nevertheless, as Rackley contends, Hawai'i case law
prior to Auld is relevant to whether the indictment properly
contained allegations related to the semiautomatic firearm. We
disagree with Rackley, however, as to the effect of these cases.
Rather than supporting Rackley's contention that the indictment
was deficient, applicable Hawai'i case law establishes that the
indictment on Count I sufficiently alleged Rackley's use of a
semiautomatic firearm.

In State v. Jess, 117 Hawai'i 381, 184 P.3d 133,
(2008), the supreme court noted that "[p]ursuant to the due
process and 'grand jury' clauses of the Hawai'i Constitution,
which reside respectively in article I, sections 5 and 10, the
prosecution must allege all essential elements of an offense in
the charging instrument." 117 Hawai'i at 392-93, 184 P.3d at
144-45 (footnotes omitted). Moreover, in light of decisions by
the United States Supreme Court recognizing the "elemental
character" of certain sentencing enhancers, Id. at 398, 184 P.3d

---

[5] Given other relevant authority discussed herein, even if Auld did
apply to this case, it would not affect the outcome. Auld dealt with whether,
in seeking to have a defendant serve a mandatory minimum sentence as a repeat
offender under HRS § 706-606.5 (2014), the State must include the defendant's
predicate prior conviction(s) in the charging document and must prove the
prior conviction(s) to a jury beyond a reasonable doubt. 136 Hawai'i at 245-
47, 361 P.3d at 472-74. A prior conviction is not the aggravating sentencing
factor in this case.

at 150, the <u>Jess</u> court held that "a charging instrument, be it an indictment, complaint, or information, must include <u>all allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed</u>." <u>Id.</u> (emphasis added and internal quotation marks omitted) (citing <u>State v. Apao</u>, 59 Haw. 625, 636, 586 P.2d 250, 258 (1978) and <u>State v. Estrada</u>, 69 Haw. 204, 230, 738 P.2d 812, 829 (1987)).[6]

We note that <u>Jess</u> does not require that the charging document expressly state that the defendant is subject to an enhanced sentence and the reasons therefor. Rather, the charging document must include "all allegations, <u>which if proved</u>, would result in the application of a statute enhancing the penalty of the crime committed." <u>Id.</u> at 404, 184 P.3d at 156 (emphasis added). Thus, the requirement is to set forth the alleged facts that must be proved in order for the enhanced penalty to apply.

This court's decision in <u>State v. Kang</u>, 84 Hawaiʻi 352, 933 P.2d 1386 (App. 1997) is particularly instructive. In <u>Kang</u>, this court held that:

> "[D]ue process requires that an indictment contain all the essential elements of the offenses charged, and the omission of an essential element of the crime charged is a defect in substance[.]" *State v. Apao*, 59 Haw. 625, 634-35, 586 P.2d 250, 257 (1978) (citations and internal quotation marks omitted). Hence, the State must also "include in the indictment [the allegations, which if proved, would result in application of a statute enhancing the penalty] for the crime committed." *Apao*, 59 Haw. at 636, 586 P.2d at 258. The due process requirement that aggravating circumstances which support an "enhanced" sentence be alleged in the charging document then extends to "sentencing statutes providing for mandatory minimum prison terms," *Schroeder II*, 76 Hawaiʻi at 526 n.13, 880 P.2d at 201 n.13, such as HRS § 706-660.1(3)(d).

<u>Id.</u> at 357, 933 P.2d at 1391 (footnote omitted). Similar to this case, the defendant in <u>Kang</u> was charged with TT1. There, the

---

[6] Prior to <u>Jess</u>, the rule that "aggravating circumstances must be alleged in the indictment and found by the jury" only applied to "factual questions that were enmeshed in or *intrinsic* to the commission of the crime charged[.]" 117 Hawaiʻi at 394, 184 P.3d at 146 (internal citations and quotation marks omitted). The supreme court in <u>Jess</u> determined that the intrinsic/extrinsic distinction had lost its viability based on then recent United States Supreme Court decisions and declined to further follow the intrinsic/extrinsic distinction for enhanced sentencing. 117 Hawaiʻi at 398, 184 P.3d at 150.

Complaint alleged that:

> [Kang], with intent to terrorize, or in reckless disregard of the risk of terrorizing Whitney Borden, did threaten, by word or conduct, to cause bodily injury to Whitney Borden *with the use of a dangerous instrument, to wit, a .30-06 caliber rifle*, thereby committing the offense of Terroristic Threatening in the First Degree in violation of [HRS § 707-716(1)(d)].

Id. at 354, 933 P.2d at 1388 (emphasis added).[7] This court noted that "[t]he allegation that a rifle was used in the offense may have sufficed to meet the requirements of HRS § 706-660.1(1) (1993), which gives the court *discretion* to impose a mandatory term of imprisonment òf *three* years for use of a 'firearm while engaged in the commission of a felony[.]'" Id., 84 Hawai'i at 355-56, 933 P.2d at 1389-90 (citing HRS § 706-660.1(1)). However, the State moved for mandatory minimum imprisonment pursuant to HRS § 706-660.1(3)(d) -- the provision at issue in this case -- which requires a mandatory minimum of five years if a semiautomatic or automatic firearm is used in the commission of a class C felony. Id. at 356, 933 P.2d at 1390. Because the complaint in Kang alleged that the defendant used a rifle and did not specify that the rifle was a semiautomatic or automatic firearm, "'the material aggravating circumstance' was not 'sufficiently alleged'" for a mandatory minimum sentence pursuant to HRS § 706-760.1(3)(d). Id. (citation omitted). In short, Kang indicates that if the complaint in that case had alleged use of a semiautomatic firearm, it would have been sufficient for a mandatory minimum sentence under HRS § 706-660.1(3)(d).

Here, the indictment of Rackley contains the allegation that was missing in Kang. That is, the indictment here alleges that the dangerous instrument used was a "semiautomatic firearm,"

---

[7] Although Kang was decided before Jess and applies the intrinsic/extrinsic distinction, it provides authoritative guidance because Kang determined that the alleged use of a rifle was an aggravating circumstance "enmeshed in the commission of terroristic threatening because the rifle was used to threaten the complaining witness." Thus, the State was required to allege use of a firearm in order to subject the defendant to an enhanced sentence. Kang, 84 Hawai'i at 355, 933 P.2d at 1389. In short, the alleged use of the firearm was an "intrinsic" fact which the State was required to assert in the charging document. Id.

8

and moreover, the indictment cites to HRS § 706-660.1. Thus, unlike in Kang, the indictment in this case sufficiently alleged the facts that would result in the application of HRS § 706-660.1(3)(d), the statute enhancing the penalty for TT1. Jess, 177 Hawai'i at 398, 184 P.3d at 150.

We also find guidance in State v. Schroeder, 76 Hawai'i 517, 880 P.2d 192 (1994). There, the defendant was indicted on two counts, Robbery in the First Degree (**Robbery 1**) and Kidnapping. Id. at 518-19, 880 P.2d at 193-94. The Robbery 1 count alleged that the defendant committed the offense "while armed with a dangerous instrument, to wit, a handgun[.]" Id. at 519, 880 P.2d at 194 (emphasis omitted). The Kidnapping count did not allege use of a handgun. After a jury-waived bench trial, the defendant was found guilty on both counts. Id. at 519-20, 880 P.2d at 194-95. Subsequently, the circuit court sentenced the defendant to, inter alia, mandatory minimum prison terms of ten years on both counts pursuant to HRS § 706-660.1. Id. at 521, 880 P.2d at 196.

Like the instant case, the defendant in Schroeder challenged the sufficiency of the indictment related to the mandatory minimum sentencing and asserted the challenge for the first time on appeal. 76 Hawai'i at 529, 880 P.2d at 204. In this regard, the supreme court first noted that "[w]e have held that charges will not be found to be defective where the record demonstrates that they tracked the relevant statutory language and that the defendant clearly understood the accusations and mounted a viable defense at trial." Id.[8] (citation omitted). The supreme court determined that the indictment in Schroeder satisfied the prescribed criteria and that "our review of the record establishes that Schroeder understood the accusations and

---

[8] This is similar to the liberal construction standard reiterated in Tominiko that, where a charging document is challenged for the first time on appeal, an appellate court "will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." 126 Hawai'i at 76, 266 P.3d at 1130 (citation omitted).

mounted a viable defense at trial." Id. The supreme court further noted that the defendant did not challenge the sufficiency of the evidence to support his convictions. Id. Additionally, the supreme court emphasized that the ultimate objective of requiring allegations that enhance criminal penalties to be included in the charging document (referenced by the court as the "Estrada rule") was to ensure that a defendant had fair notice of the charges. Id. at 530, 880 P.2d at 205. "With this objective in mind, an indictment must be read in a common-sensical fashion in order to ascertain whether the material aggravating circumstance has been sufficiently alleged therein to support the imposition of enhanced sentencing." Id. (emphasis added). Given the above principles, the Schroeder court determined that a plain reading of both counts in the indictment, reasonably construed, established that use of a handgun was alleged in both the Robbery 1 and Kidnapping charges.[9] Id.

Here, considering the principles discussed in Schroeder, the indictment on the TT1 charge is drawn in the language of the statute and asserts the essential elements of the offense. Moreover, the record establishes that Rackley understood the accusations against him, including the alleged use of the semiautomatic firearm and that he mounted a viable defense represented by defense counsel. Rackley also does not challenge the sufficiency of the evidence supporting his conviction. Furthermore, reading the indictment in a "common-sensical fashion in order to ascertain whether the material aggravating circumstance has been sufficiently alleged therein to support the imposition of enhanced sentencing," Schroeder, 76 Hawai'i at 530, 880 P.2d at 205, we conclude that the material aggravating

---

[9] Although the Schroeder court ruled that the indictment was not deficient as to the mandatory minimum sentences on both counts, the court ultimately vacated the mandatory minimum on the kidnapping count because the State's motion and arguments to the circuit court had not in fact sought mandatory minimum sentencing on the kidnapping count. Schroeder, 76 Hawai'i at 532, 880 P.2d at 207.

circumstance of using a semiautomatic firearm in the commission of the TT1 offense is sufficiently alleged.

Therefore, Rackley's indictment did not violate the notice and due process requirements of the Hawai'i Constitution and there was no plain error in this regard.

### B.    Waiver of Jury Trial

Rackley also challenges the circuit court's imposition of the five year mandatory minimum sentence because, although he acknowledges having waived his right to a jury trial for the charged offenses and does not raise any issue on appeal as to that waiver, he claims he did not waive a jury trial as to the enhanced sentencing factor that he used a semiautomatic weapon. Rackley points to case law from the United States Supreme Court holding that "facts that increase mandatory minimum sentences must be submitted to the jury[.]" Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Rackley signed the Waiver of Jury Trial, which provided in pertinent part: "I am now and forever voluntarily waiving and giving up my right to trial by jury on the present charges." As stated above, the TT1 charge in the indictment included that Rackley "threatened, by word or conduct, to cause bodily injury to Joseph Van Veckhoven, with the use of a dangerous instrument, to wit, a semiautomatic firearm as defined in Section 706-660.1 of the Hawaii Revised Statutes[.]" (Emphasis added.) For a TT1 offense, the State must prove that a person commits terroristic threatening "[w]ith the use of a dangerous instrument" and the definition of "dangerous instrument" includes a "firearm." HRS §§ 707-716(1)(e) and 707-700. Thus, in order to prove Rackley guilty of the TT1 offense, the State in this case had to prove, at a minimum, that Rackley committed terroristic threatening with the use of a firearm.

11

At the jury waived trial, Ralph Neil Dumaran, an evidence specialist with the Honolulu Police Department, testified that he executed a search warrant for Rackley's car and found a Sig Sauer handgun in the rear of the front passenger seat and the handgun was submitted into evidence as Exhibit 1. The State, without objection from Rackley, presented an expert witness, Curtis Kubo, who testified that the firearm submitted into evidence as Exhibit 1 was a "Sig Sauer, Model 220 -- P220, caliber .45 auto, double-action, semiautomatic pistol[.]"

In addition, Rackley testified at trial. He testified that on the date in question, he had an altercation with certain individuals outside a bar/restaurant in Waikiki, went to his car, grabbed a firearm for protection, went back to the area where the altercation had occurred to look for his date, and there was a crowd of people. Rackley testified that he was scared, "[p]ulled my shirt up, and I grabbed the hold -- the handle of the -- Sig Sauer. I flashed it. . . . This is -- I was just reacting, and I flashed the gun." He also testified at one point that he "brandished the weapon, I pulled it, cleared it to make sure there wasn't a round in it." Rackley testified that the Sig Sauer, entered as Exhibit 1, was registered to him. Moreover, and importantly, he testified that he knows it is a semiautomatic and he knew when he took the gun out of the car on the date of the incident that it was a semiautomatic.

When the circuit court returned the verdict, it concluded:

> [The] State has proven the elements required for Terroristic Threatening in the First Degree . . . beyond a reasonable doubt. The defendant, by racking the firearm, did intend to terrorize, or did so in reckless disregard of terrorizing Joseph Van Veckhoven on August 2, 2011. In conjunction, defendant's statements of, "I'll be back," and, "You don't want to mess with this," clearly indicates to the Court the defendant's intent to terrorize.
> The firearm in question has been found to be an operable Sig Sauer .45 caliber semiautomatic pistol that was loaded with live ammunition cartridges and is a dangerous instrument under Hawaii Revised Statutes 706-660.1.

(Emphasis added.)

12

Thus, based on the evidence presented at the jury waived trial, the circuit court concluded that the State had proven the TT1 charge, a class C felony, beyond a reasonable doubt and that Rackley had used a semiautomatic firearm during the commission of the felony.

At the sentencing hearing, the State asserted, *inter alia*, that a mandatory minimum sentence of five years was required for the TT1 offense. Rackley's trial counsel responded, stating: "Your Honor, we also agree with the law on this case, that you have to give the open term, of [sic] with a mandatory five out of five on the terroristic threatening. And the other one, you have discretion."

Given the circumstances of this case, we conclude there was no plain error with regard to whether Rackley properly waived jury trial on the enhanced factor of use of a semiautomatic firearm. First, Rackley expressly waived his "right to trial by jury on the present charges" and the indictment on Count I included the allegation that he used a semiautomatic firearm.

Second, in proving Rackley's *guilt* on the TT1 offense, the use of a dangerous instrument, here at minimum a firearm, was a necessary element. Thus, even if his jury trial waiver is viewed narrowly, he undisputedly waived his right to a jury trial at least to the extent that use of a firearm was a necessary part of the guilt phase. See Jones v. Hulick, 449 F.3d 784, 791 (2006) ("The obvious problem Jones encounters on his *Apprendi* claim is that he waived the jury, the judge found him guilty beyond a reasonable doubt of aggravated vehicular hijacking at the guilt phase of the trial, and that was the basis for his life sentence. Necessarily, then, the sentencing factor--aggravated vehicular hijacking--was found beyond a reasonable doubt[.]").

Finally, Rackley has admitted that he knew the firearm that he "flashed" or "brandished" during the incident in question was a semiautomatic firearm. The United States Supreme Court has recognized that an enhanced sentence can be based on facts found by a jury or facts admitted by the defendant. Blakely v.

Washington, 542 U.S. 296, 303 (2004); Apprendi, 530 U.S. at 488.

Plain error review must be exercised sparingly and cautiously, "to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." DeLeon, 131 Hawai'i at 480, 319 P.3d at 399 (citation omitted). Given the circumstances of this case, we conclude there was no plain error. Thus, the circuit court did not plainly err when it sentenced Rackley to the five year mandatory minimum sentence on the TT1 offense.

## IV. Conclusion

Based on the above, the Judgment of Conviction and Sentence, filed on October 9, 2015, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, September 20, 2017.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

14